```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
JAVIER NUNEZ,                                                :         23-CV-1548 (JGLC) (RWL)
                                                             :
                        Plaintiff,                           :
                                                             :
        - against -                                          :         **DECISION AND ORDER:**
                                                             :         **MOTION TO CHANGE VENUE**
                                                             :
KILOLO KIJAKAZI,                                             :
Acting Commissioner of Social Security,                      :
                                                             :
                        Defendant.                           :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This case comes before the Court upon the motion of the Defendant Acting Commissioner of Social Security (the "Commissioner") for change of venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), and certain additional relief. The motion has been referred to me for resolution. (Dkt. 17.)

### Factual and Procedural Background

Plaintiff Javier Nunez, proceeding *pro se,* filed a claim for a period of disability and disability insurance benefits. (Complaint ("Compl."), Dkt. 1 ¶ 5.) Plaintiff alleges that on February 2, 2018, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim. (*Id.* ¶ 6.) On February 19, 2023, Plaintiff commenced the instant action in this District seeking review of the Commissioner's decision denying Plaintiff's claim for benefits. (*See id.*) The Complaint initially asserted that Plaintiff lives in Manhattan, New York, but subsequently certified that his address is in Scranton, Pennsylvania. (*Id.* ¶ 2, at 3.)

On February 24, 2023, attorney Ariella Zoltan entered a Notice of Appearance on

1

behalf of the Commissioner, as a Special Assistant United States Attorney (SAUSA). (Dkt. 3.)  On March 1, 2023, Plaintiff filed a first amended complaint ("FAC") naming Ms. Zoltan and "Nicole Fraser et,al [*sic*]" as additional defendants.  (FAC, Dkts. 5 at 2-3.)  The FAC identifies Nunez's address as being in Scranton, PA.  (*Id.* at 1.)  Although styled as a Complaint and Request for Injunction rather than as for judicial review of a final decision of the Commissioner, the FAC names the "Social Security commissioner" as the lead Defendant.  (*Id.* at 1.)

On March 2, 2023, attorney Michael Corona entered a Notice of Appearance on behalf of the Commissioner, as a SAUSA.  (Dkt. 6.)  On March 6, 2023, Plaintiff filed a second amended complaint ("SAC") naming Mr. Corona as an additional defendant. (SAC, Dkt. 10 at 2.)  The SAC names the Commissioner as the lead Defendant, and provides the same Scranton, PA address for Plaintiff.  (*Id.* at 1.)

On March 17, 2023, SAUSA Victoria Treanor filed the instant motion on behalf of the Commissioner.  (Dkts. 13-14.)  The motion asserts that the case must be transferred to the Middle District of Pennsylvania because an action challenging a final decision of the Commissioner must be brought in the judicial district where plaintiff resides.  In addition to transfer, the Commissioner's motion also seeks dismissal of SAUSAs Zoltan and Corona as defendants and denial of any further amendments that would name any additional government attorneys.

Three days later, on March 20, 2023, Plaintiff filed yet a third amended complaint ("TAC") additionally naming SAUSA Treanor as a defendant.  (TAC, Dkt. 15.)  The TAC continues to name the Commissioner as lead Defendant and to identify Plaintiff's address

as Scranton, PA.[1]  (*Id.* at 1.)

On July 31, 2023, I issued an order noting that Plaintiff had not responded to the Commissioner's motion and stating that the Court had reviewed the TAC and determined that it suffers from the same defects that are the subject of the Commissioner's motion. (Dkt. 18.)  The order set a deadline of August 15, 2023 for Plaintiff to file a response to the motion.  Plaintiff filed their response on August 12, 2023.  (Dkt. 20.)  As with the amended complaints, Plaintiff's response to the motion is largely incomprehensible.[2]

## Discussion

Judicial review of a final decision of the Commissioner on a claim concerning Social Security benefits is available exclusively pursuant to section 405(g) of the Social Security Act.  42 U.S.C. § 405(g).  That provision requires a judicial action seeking review of the Commissioner's decision to be brought in the federal district in which the plaintiff resides or has their principal place of business:

> Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

---

[1] The allegations in each of the amended complaints are largely incoherent and fragmented, alluding to events occurring in New York, including a therapist's unprofessional practices, identity theft, and unfair treatment by police.  Plaintiff claims emotional trauma, and the relief sought refers to a "False claim act to include Recoverable Damage under 42 U.S.C. Section 1983."  (FAC at 5; SAC at 5; TAC at 5.)

[2] The entirety of Plaintiff's response reads: "I Javier Nunez respectfully write on March 17, 2023, Defendant filed a motion for change venue Pennsylvania, and to dismiss.  With the respect of the charge of venue the Issue and RICO Civil is in the New York City Brooklyn Social Security office address 1540 Fulton St Brooklyn NY 11216.  Since March 2021, I Nunez for New York City (Manhattan resides to Pennsylvania north east District and is action is pending in Southern District, New, York courthouse to include I Nunez is also experiencing a high level of employment issues and housing issues in Pennsylvania Scranton."  (Dkt. 20.)

>Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business ….

42 U.S.C. § 405(g).

"Since this provision of the Social Security Act constitutes a waiver of sovereign immunity, its terms must be strictly construed, and the cited language makes clear that the procedural requirement governing venue is mandatory." *Fields v. Astrue*, No. 09-CV-6626, 2009 WL 10712622, at *1 (S.D.N.Y. Dec. 3, 2009), *R & R adopted*, 2009 WL 10712623 (S.D.N.Y. Dec. 21, 2009); *see also Stieberger v. Heckler*, 615 F. Supp. 1315, 1364 (S.D.N.Y. 1985) (noting venue requirements of Social Security Act), *vacated on other grounds*, 801 F.2d 29 (2d Cir. 1986).  Accordingly, "[w]hen an action is filed in the wrong judicial district, it must be transferred to the proper judicial district … or dismissed." *Adams v. Barnhart*, No. 03-CV-1362, 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003) (citations omitted); *see generally* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

As set forth in the Complaint, FAC, SAC, and TAC, Plaintiff resides in the City of Scranton in Lackawanna County, Pennsylvania, which is within the Middle District of Pennsylvania.  28 U.S.C. § 118(b).  In view of Plaintiff's residence and the clear provisions of the Act, the instant action must be transferred to the United States District Court for the Middle District of Pennsylvania.  *See Adams*, 2003 WL 21912543, at *2 (granting motion transferring venue in Social Security case); *Fioravante v. Barnhart*, No. 02-CV-2002, 2002 WL 31422887, at *1 (S.D.N.Y. Oct 29, 2002) (same); *Pilgrim v. Commissioner of Social*

*Security*, No. 01-CV-7371, 2001 WL 1222213, at *1 (S.D.N.Y. Oct. 12, 2001) (same).

In addition to seeking transfer, the Commissioner moves to dismiss the individually named SAUSA Defendants, and to deny Nunez leave to file any additional amendments that would add governmental attorneys as defendants without any basis to do so. Because the Court must transfer this case to a different venue, it declines to resolve the Commissioner's additional requests for relief and leaves those issues for resolution by the court to which the case is transferred.

## Conclusion

For the reasons set forth above, the Commissioner's motion to transfer venue is GRANTED. The Clerk of Court is respectfully directed to transfer this case to the Middle District of Pennsylvania.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 21, 2023
        New York, New York

Copies transmitted this date to all counsel of record. The Clerk of Court is respectfully requested to mail a copy of this order to the *pro se* Plaintiff and note service on the docket:

Javier Nunez
174 Parsonage
Scranton, PA 18640